IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES BERNARD CAMPBELL,
      Plaintiff,

vs.                                        Case No.: 5:11cv70/SPM/EMT

MR. ELLIS, et al.,
      Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

       Plaintiff, a prisoner, filed this action pursuant to 42 U.S.C. § 1983 in early March of 2011. Now before the court is Plaintiff's most recent "Motion for Extension of Time," in which Plaintiff requests that he be given until June 4, 2011, in which to file an amended complaint and submit an application to proceed in forma pauperis (Doc. 17).

       The docket in this case reflects that by order dated March 25, 2011, the court gave Plaintiff until April 25, 2011, in which to file an amended complaint (on the form provided to him) and to either pay the filing fee in full or file an application to proceed in forma pauperis (Doc. 5). At Plaintiff's request (*see* Doc. 8), on April 8, 2011, the court extended this deadline to May 4, 2011 (Doc. 10). On May 3, 2011, Plaintiff moved for another extension of time and on May 4, 2011, the court granted this request, warning Plaintiff that absent a showing of extraordinary cause, which to date Plaintiff had not demonstrated, the court would not entertain any further requests for enlargement of time (Doc. 16). Plaintiff has filed yet another motion for extension of time (Doc. 17). In his instant motion, Plaintiff mentions, *inter alia*, a lack of legal supplies, the fact that he is involved in "other cases" in state and federal court, and that he has limited access to a law library and legal materials (Doc. 17). Plaintiff references only the obstacles he has encountered in preparing his amended complaint, although to date he has likewise failed to file a motion to proceed in forma pauperis, which should have been filed in March with his initial complaint if he believed he was entitled to so proceed.

       Due to the delays experienced by Plaintiff, and his reference to "other cases," the court has

reviewed the electronic files of this and another case Plaintiff has filed in this court, Case Number

5:11cv82/RS/GRJ.  The latter case was dismissed on May 16, 2011, due to Plaintiff's failure to

exhaust his administrative remedies and due to Plaintiff's status as a "three-striker."  Although this

court typically does not conduct substantive review of a prisoner's complaint until the matter of the

filing fee has been resolved, upon review of Plaintiff's initial complaint, it is clear that the same

bases for dismissal are present in this case.

Plaintiff's complaint in the instant case concerns conditions that he experienced while he was

incarcerated at Gulf Correctional Institution ("GCI") (Doc. 1).  Specifically, Plaintiff asserts that

from December 2010 through March 2011 he was subjected to "extremely cold temperatures" while

housed in disciplinary confinement, as there was inadequate heat in the unit.  He also claims that

officers maliciously turned on the fans, which made it even colder.  The named Defendants are

corrections officers or prison officials at GCI, and  Plaintiff is presently incarcerated at Santa Rosa

Correctional Institution ("SRCI").[1]  Plaintiff concedes in his complaint that he has accumulated

"three strikes" pursuant to the Prison Litigation Reform Act's three-strikes provision, 28 U.S.C. §

1915(g) (Doc. 1 at 3).  He further concedes that he did not exhaust his administrative remedies

regarding his claims, allegedly due to fear of reprisal (Doc. 1 at 14).  Either of these failures is

sufficient to warrant dismissal of the complaint.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil
actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one

of the recited reasons, he cannot proceed in forma pauperis.  A prisoner who is no longer entitled

to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure

---

[1] Comparing the complaints filed in this case and in Case Number 5:11cv82, it appears that Plaintiff was
transferred to SRCI between March 11, 2011 and March 21, 2011.  Plaintiff's notice of change of address in this case
was docketed on April 5, 2011 (Doc. 7).

to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are insufficient to invoke the exception to § 1915(g). *See* Martin v. Sheldon, 319 F.3d 1048, 1050 (8th Cir. 2003). And, a claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Redberry v. Butler, 185 F3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when Plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the complaint as a whole, this court is not persuaded that Plaintiff is in imminent danger of serious physical injury. Even if the court accepts as true Plaintiff's allegations that he was exposed to cold conditions that could have resulted in him contracting pneumonia, and that he suffered sleep deprivation due to the uncomfortable temperatures, his allegations of possible impending illness are not the sort of allegations that rise to the level of showing "imminent danger of serious bodily injury." Furthermore, he is no longer incarcerated at GCI and therefore any alleged risk of serious physical injury posed by the conditions there or the conduct of Defendants no longer exists. Accordingly, the court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. And, a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates suit. Failure to do so warrants dismissal without prejudice. Dupree, 284 F.3d at 1236.

As noted above, Plaintiff admits that he failed to exhaust his administrative remedies. It is well established that failure to have exhausted administrative remedies prior to filing suit is grounds for dismissal of Plaintiff's case. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The exhaustion requirement applies to all inmate suits about any aspect of prison

life, including cases in which plaintiffs seek only monetary damages.  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2383, 165 L. Ed. 2d 368  (2006); Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); Booth v. Churner, 532 U.S. 731, 121 S. Ct.1819, 1825, 149 L. Ed. 2d 958 (2001);  Johnson v. Meadows, 418 F.3d at 1155.   Courts have no discretion to waive this requirement. Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008). The purposes for administrative exhaustion are twofold.  First, exhaustion protects "administrative agency authority," giving agencies the opportunity to correct their own mistakes before being haled into federal court. Woodford, 126 S. Ct. at 2385.  Second, it promotes efficiency, in that claims can generally be resolved more quickly and economically in proceedings before an agency than in federal court. *Id.* The exhaustion requirement requires full and proper exhaustion of an inmate's claims, which means that a prisoner must comply with the procedural rules of the institution's grievance system. Woodford, 126 S. Ct. at 2387–88.  Because Plaintiff has failed to do this, his case is subject to dismissal without prejudice on this basis as well.  Rivera, 144 F.3d at 731 ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.") (citation omitted).

Accordingly, it is **ORDERED**:

Plaintiff's motion for extension of time (Doc. 17) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. 1915(g) or 28 U.S.C. § 1915(e)(2)(B)(ii) and that this dismissal be **without prejudice**, such that Plaintiff can refile his case accompanied by the payment of the full $350.00 filing fee after exhaustion of his administrative remedies.

At Pensacola, Florida, this 9th day of June 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).